**In re MOTORCYCLE DEALERS SUPPLY, INC., Debtor.**

**SATURN AUTOMOTIVE, Plaintiff,**

**v.**

**Charles W. GRANT, Trustee, and Atlantic University Bank, Defendants.**

**Bankruptcy No. 80–561–BK–J–GP.**

**Adv. No. 80–289.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

Feb. 26, 1981.

Charles W. Grant, Jacksonville, Fla., trustee.

Joseph M. Glickstein, Jr., Jacksonville, Fla., for plaintiff.

Edward L. Kelly, Jacksonville, Fla., for defendants.

## ORDER DENYING MOTION
## TO DISMISS

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff has brought this action for reclamation against the Trustee and a creditor which claims a security interest in the subject property. Plaintiff alleges that it sold certain merchandise to one Herbert B. Smith, d/b/a Herbie-2, who then subsequently fraudulently transferred the merchandise to the debtor.

The bank has filed a motion to dismiss, contending that the property, upon acquisition by the debtor, became subject to the bank's floating lien on inventory.

Plaintiff has cited authority for the proposition that a credit sale of goods by a buyer who does not intend to pay is void *ab initio* and that the defrauded seller has an absolute right of reclamation. The Court is unable to give these authorities much weight since they antedate both the Uniform Commercial Code and the Bankruptcy Code. The Court is satisfied that the right of reclamation exists only to the extent provided by § 546(c) of the Bankruptcy Code and § 2–702 of the UCC.

The bank argues that it has exclusive rights in the property on the basis of the decision in *In re Samuels & Co. (Stowers v. Mahon)*, 526 F.2d 1238 (5th Cir. 1976). In that case a seller of goods was paid with a check which was subsequently dishonored. The seller sought to reclaim the goods, but did not follow the requirements of UCC 2–702. The Court held that: (1) the seller was a "cash" seller within the meaning of § 2–403; and (2) the holder of a lien which covers after acquired property is a Article 9 good faith purchaser. "Upon non-payment [the buyer] lost the right to retain or dispose of the property, but the Code recognizes that the breaching buyer had the power to encumber, despite nonpayment, so long as he retained possession." *Id.* at 1247.

Therefore, the defendant bank has a lien on the goods if its security interest has attached. *Samuels* set forth a three part test to determine whether a security interest has attached.

The first element is that there must be a valid security agreement. Neither side contests the existence or validity of the security agreement, and for the purposes of this motion to dismiss, the Court will consider this test met. Secondly, value must have been given by the secured party. For the reasons just discussed, the Court will consider this test to have been also met. The third element is that the debtor must have rights in the collateral. In the *Samuels* case, upon delivery the buyer acquired rights in the property sufficient to allow attachment of the security interest. That debtor gave a check which was subsequently dishonored; the instant debtor, argues plaintiff, was not a cash buyer but a fraudulent transferee. For purposes of the motion to dismiss, the allegations of the complaint must be taken as true. The plaintiff has alleged, in effect, that the debtor had no right in the collateral and therefore the security interest could not have attached.

Accordingly, it is ORDERED as follows:

1. Defendant's motion to dismiss is denied;

2. The defendant is directed to answer the complaint within fifteen (15) days;

3. A continued pretrial conference will be held on March 23, 1981, at 3:30 P.M., in Room 240, U. S. Post Office and Courthouse Building, 311 West Monroe Street, Jacksonville, Florida.